**In re UNICHEM CORPORATION, Debtor (Two Cases).**

**UNICHEM CORPORATION, Debtor in Possession, Plaintiff,**

v.

**William W. GURTLER, Jean L. Gurtler, and Gurtler Chemicals, Inc., Defendants.**

Bankruptcy Nos. 87 C 3156, 87 C 5674.

United States District Court, N.D. Illinois, E.D.

Oct. 19, 1987.

Steven B. Towbin, Michael J. Golde, Karen Walin, Towbin & Zazove, Chicago, Ill., for Unichem Corp. plaintiff.

Faye B. Finstein, John H. Ward, Daniel D. Kasten, Antonow & Fink, Chicago, Ill., for William Gurtler defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

William W. Gurtler was the president and a 49% stockholder of Unichem Corporation (Unichem). In 1981 and early 1982 he aided his son in establishing a competing business, and in March 1982 he resigned as president of Unichem and promptly became president of the competing company. Eight Unichem employees also made the same switch. That led to a state court action by Unichem against Gurtler, in which Unichem successfully prosecuted a claim of breach of fiduciary duty. In the meantime, Unichem filed for reorganization under Chapter 11. Both the debtor-in-possession and Gurtler filed plans for reorganization and disclosure statements. Unichem's disclosure statement was approved and the plan set for a confirmation hearing on April 16, 1987. Gurtler's disclosure statement was not so successful. Various objections were raised at a hearing upon it on March 3, 1987.

In the meantime, also, Unichem had moved for summary judgment in its adversary proceeding, claiming that the Gurtler interests should be subordinated. Gurtler opposed that motion, contending that any loss occasioned by Gurtler had been fully compensated by the state court judgment and that the subordination or denial of his claims would provide unwarranted additional relief. That motion was pending when Chief Judge Eisen ruled on March 30, 1987, 72 BR 95 in a published opinion, that Gurtler's reorganization plan had not been proposed in good faith and sustained the objections to Gurtler's disclosure statement. In that opinion Judge Eisen concluded that Unichem was forced into bankruptcy as a result of Gurtler's conduct. Gurtler promptly filed an appeal.

All this was, of course, shortly before the April 16, 1987 confirmation hearing on Unichem's plan. That plan mirrored in one respect the issue pending on summary judgment in the adversary proceeding: it provided for the subordination of the Gurtler claims. Gurtler's deposition was scheduled to be taken before that hearing. That was cancelled, however, as on April 13, 1987, Gurtler's counsel advised Unichem's counsel that Gurtler no longer wished to fight the plan and was intending to withdraw his objections to confirmation and to dismiss his appeal (thus withdrawing his objections to a plan that subordinated his claims and giving up his attempts to win approval of his own plan). His counsel's letter indicated that he would so advise Judge Eisen at a hearing scheduled the following day, that the Gurtler counsel did not, in those circumstances, intend to appear at the April 16, 1987 hearing, and that he understood that Unichem counsel would explore the withdrawal of the summary judgment motion as to avoid further expenses to the clients.

The following day Gurtler's counsel did, indeed, advise the court that he was withdrawing the objections and would dismiss the appeal. That was "without prejudice to (Unichem's) rights to (sic) this proceeding or the State Court proceeding...." Judge Eisen then referred to "the motion" and indicated that it should be combined with the confirmation hearing. What the parties understood by that is not entirely clear, and the discussion immediately turned to other objections.

Gurtler's counsel did not attend the confirmation hearing where the court heard testimony from the then Unichem president, which was, apparently, a brief reprise of testimony in the state court. Judge Eisen confirmed the plan that same day. Twelve days later Unichem's counsel submitted a draft order granting Unichem's motion for summary judgment. That draft order contained various findings of fact derived from the state court appellate opinion and from the confirmation hearing. Gurtler objected, complaining, among other things, that the motion had become moot upon confirmation and that he did indeed dispute certain of the facts. He claimed that the purpose of the motion was to gain advantage in yet another state court litigation. On May 8, 1987, after argument,

Judge Eisen granted the motion, with some modification of the proposed findings. Six days later the parties were before this court. Gurtler's counsel represented that she had believed that Judge Eisen's determination on March 30, 1987 that Unichem was forced into bankruptcy by Gurtler's conduct was not a binding finding, and that was a reason for dropping the appeal. The logic of that escapes this court. That fact conclusions are not supported by the evidence or by sufficient subordinate findings is the stuff of appeals, not later collateral attack.

In any event, Gurtler went on to appeal the May 8, 1987 order and also seeks now to reinstate his appeal from the March 30, 1987 order. He did not appeal the April 16, 1987 confirmation order. Unichem has moved to dismiss the appeal of the May 8, 1987 order and opposes reinstatement of the earlier appeal. It also seeks an award of expenses and costs.

■ This court has no hesitation in concluding that the March 30 and April 16 orders can no longer be the subjects of direct appeal. The Gurtler plan was turned down, the Unichem plan was approved, the Gurter claims were subordinated and the parties have to live with the legal consequences of whatever was determined in the process, whatever that might be. Similarly, they are bound by what was determined in the state litigation and Judge Eisen could very appropriately rely on those determinations.

The May 8, 1987 order presents greater problems. The plan had already been confirmed, with the Gurtler claims subordinated and without any Gurtler objections. Perhaps Gurtler could have complained on May 8, 1987 that Judge Eisen had not made sufficient findings on April 16, 1987 to justify subordination, and then have appealed a denial, but he did not. Rather, his complaint was that findings were being made as undisputed facts on May 8, 1987 that were disputed, and that he did not have a fair opportunity to dispute because he did not know there would be testimony on those subjects on April 16, 1987, and, further, that there was no reason to decide the summary judgment motion because it was mooted by the confirmation. Unichem contends that Gurtler caused it to cancel his deposition and now wants an untimely appeal on a truncated record of his own making.

Gurtler is right about several things. The adversary proceeding was a separate proceeding. The summary judgment motion related to that proceeding. The summary judgment hearing on April 16, 1987, could not be a mini-trial. Rule 56 does not permit the weighing of evidence. Summary judgment can be granted only upon the undisputed material facts of record. Those facts may be presented by affidavit, by deposition or by testimony, but if those facts are controverted the motion must be denied. Gurtler was not on fair notice that the court would entertain additional evidence on the summary judgment motion on April 16, 1986, or even that the court would rule upon the motion. When he learned that the court had accepted additional evidence (in this instance by testimony rather than by deposition or affidavit) and had ruled despite Gurtler's claim that a ruling was unnecessary, he would have been well justified in seeking the opportunity to demonstrate, by affidavit or otherwise, that the order was premature because certain facts were disputed.

■ But this Gurtler did not do. An adversary proceeding was pending. A summary judgment motion had been fully briefed in that proceeding. That motion was largely based upon the state court appellate opinion. Gurtler opposed it for reasons other than the state court findings. Judge Eisen, informed by both that opinion and his own familiarity with the bankruptcy proceeding, concluded on March 30, 1987 that Gurtler's conduct had led to the bankruptcy. Gurtler did not pursue an appeal from that. Judge Eisen was further informed by testimony on April 16, 1987 (although this court does not understand how that testimony went beyond what was already a matter of record). He ruled, based upon matters then of record, including his own prior factual conclusions. While Gurtler continues to say "not so," he has yet to

submit any evidence creating a factual dispute or to seek to do so. He is, therefore, in the not unfamiliar posture of resisting a summary judgment motion by argument, not record facts. And that does not lead to a successful appeal. The rulings of Judge Eisen are affirmed.

As the above indicates, this court does not believe the appeal to be unreasonable or frivolous. Judge Eisen did truncate the process. Unichem's motion for fees is denied. This court is fully aware that it also is truncating the process. The matter is before this court on a motion to dismiss the appeals for reasons unrelated to their possible merits. The parties have, however, fully presented to this court the record that was presented to Judge Eisen (or so this court understands). That record does not present any triable issues or appropriate efforts to establish triable issues. In those circumstances this court sees no purpose to be served by continuing what has been a massive paper war. If the record is other than what has been represented the parties should have no difficulty in advising this court by appropriate motion.